Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUIS PINGUIL, SEGUNDO TACURI QUITO, JOSE
LEMA, FAUSTO PERALTA, NEPTALI PERALTA,
SEGUNDO CAMPOVERDE, EDISON VALLESO, and
JUAN MATUTE, individually and on behalf of all others
similarly situated,

                              Plaintiffs,

   -against-

WE ARE ALL FRANK, INC. d/b/a FRANK
RESTAURANT, KITCHEN TABLE, INC. d/b/a FRANK
RESTAURANT and FRANK PRISINZANO, as an
individual,

                              Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, **LUIS PINGUIL, SEGUNDO TACURI QUITO, JOSE LEMA, FAUSTO PERALTA, NEPTALI PERALTA, SEGUNDO CAMPOVERDE, EDISON VALLESO, and JUAN MATUTE,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **LUIS PINGUIL, SEGUNDO TACURI QUITO, JOSE LEMA, FAUSTO PERALTA, NEPTALI PERALTA, SEGUNDO CAMPOVERDE, EDISON VALLESO, and JUAN MATUTE,** through undersigned counsel, brings this action

1

against **WE ARE ALL FRANK, INC. d/b/a FRANK RESTAURANT, KITCHEN TABLE, INC. d/b/a FRANK RESTAURANT and FRANK PRISINZANO**, as an individual (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime wage and minimum wage laws arising out of Plaintiffs' employment at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

2. Plaintiff LUIS PINGUIL was employed by Defendants as a cook, food preparer, and cleaner while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

3. Plaintiff SEGUNDO TACURI QUITO was employed by Defendants as a food preparer, cook, dishwasher, and deliverer, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

4. Plaintiff JOSE LEMA is employed by Defendants as a cook and food preparer while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

5. Plaintiff FAUSTO PERALTA is employed by Defendants as a kitchen helper and cleaner while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

6. Plaintiff NEPTALI PERALTA was employed by Defendants as a cook and food preparer while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

7. Plaintiff SEGUNDO CAMPOVERDE was employed by Defendants as a cook and food preparer while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

8. Plaintiff EDISON VALLESO was employed by Defendants as a kitchen helper and cleaner while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

9. Plaintiff JUAN MATUTE was employed by Defendants as a kitchen helper, dishwasher and deliverer while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003.

10. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

13. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

14. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

15. Plaintiff, LUIS PINGUIL, residing at 38-06 111th Street, Corona, New York 11368, was employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around September 2003 until in or around January 2017.

16. Plaintiff, SEGUNDO TACURI QUITO, residing at 47-45 47th Street, Woodside, New York 11377, has been employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around January 2008 to the present.

17. Plaintiff, JOSE LEMA, residing at 325 Knickerbocker Avenue, Brooklyn, New York 11237, has been employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around September 2006 to the present.

18. Plaintiff, FAUSTO PERALTA, residing at 618 West 177th Street, New York, New York 10033, has been employed by Defendants at FRANK RESTAURANT, currently

located at 88 Second Avenue, New York, New York 10003 from in or around January 2013 to the present.

19. Plaintiff, NEPTALI PERALTA, residing at 31-36 68th Street, Woodside, New York 11377, was employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around 2000 until in or around September 2014.

20. Plaintiff, SEGUNDO CAMPOVERDE, residing at 111-14 43rd Avenue, Corona, New York 11368, was employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around 2007 until in or around February 2014.

21. Plaintiff, EDISON VALLESO, residing at 37-13 95th Street, Jackson Heights, New York 11372, was employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around August 2005 until in or around June 2013.

22. Plaintiff, JUAN MATUTE, residing at 91-07 37th Avenue, Jackson Heights, New York 11372, was employed by Defendants at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003 from in or around November 2005 until in or around December 2012.

23. Upon information and belief, Defendant, WE ARE ALL FRANK, INC., is a corporation organized under the laws of New York with a principal executive office at 156 East 2nd Street, Suit 6, New York, New York 10009.

24. Upon information and belief, Defendant, WE ARE ALL FRANK, INC., is a corporation authorized to do business under the laws of New York.

25. Upon information and belief, Defendant FRANK PRISINZANO owns and/or operates WE ARE ALL FRANK, INC.

26. Upon information and belief, Defendant FRANK PRISINZANO manages WE ARE ALL FRANK, INC.

27. Upon information and belief, Defendant FRANK PRISINZANO is the Chairman of the Board of WE ARE ALL FRANK, INC.

28. Upon information and belief, Defendant FRANK PRISINZANO is the Chief Executive Officer of WE ARE ALL FRANK, INC.

4

29. Upon information and belief, Defendant FRANK PRISINZANO is an agent of WE ARE ALL FRANK, INC.
30. Upon information and belief, Defendant FRANK PRISINZANO has power over personnel decisions at WE ARE ALL FRANK, INC.
31. Upon information and belief, Defendant FRANK PRISINZANO has power over payroll decisions at WE ARE ALL FRANK, INC.
32. Defendant FRANK PRISINZANO has the power to hire and fire employees at WE ARE ALL FRANK, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
33. Upon information and belief, Defendant, KITCHEN TABLE, INC., is a corporation organized under the laws of New York with a principal executive office at 156 East 2nd Street, Suit 6, New York, New York 10009.
34. Upon information and belief, Defendant, KITCHEN TABLE, INC., is a corporation authorized to do business under the laws of New York.
35. Upon information and belief, Defendant FRANK PRISINZANO owns and/or operates KITCHEN TABLE, INC.
36. Upon information and belief, Defendant FRANK PRISINZANO manages KITCHEN TABLE, INC.
37. Upon information and belief, Defendant FRANK PRISINZANO is the Chairman of the Board of KITCHEN TABLE, INC.
38. Upon information and belief, Defendant FRANK PRISINZANO is the Chief Executive Officer of KITCHEN TABLE, INC.
39. Upon information and belief, Defendant FRANK PRISINZANO is an agent of KITCHEN TABLE, INC.
40. Upon information and belief, Defendant FRANK PRISINZANO has power over personnel decisions at KITCHEN TABLE, INC.
41. Upon information and belief, Defendant FRANK PRISINZANO has power over payroll decisions at KITCHEN TABLE, INC.
42. Defendant FRANK PRISINZANO has the power to hire and fire employees at KITCHEN TABLE, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

43. During all relevant times herein, Defendant FRANK PRISINZANO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

44. Upon information and belief, WE ARE ALL FRANK, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

45. Upon information and belief, KITCHEN TABLE, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

46. Plaintiff LUIS PINGUIL was employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around September 2003 until in or around January 2017.

47. Plaintiff LUIS PINGUIL was employed by Defendants as a cook, food preparer, and cleaner, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around September 2003 until in or around January 2017.

48. Plaintiff LUIS PINGUIL worked approximately 54 (fifty-four) to 63 (sixty-three) hours or more per week at FRANK RESTAURANT from in or around September 2003 until in or around January 2017.

49. Plaintiff LUIS PINGUIL was paid by Defendants approximately $12.00 per hour from in or around 2011 to in or around 2012, approximately $13.50 per hour in or around 2013, and approximately $14.00 per hour from in or around 2014 until in or around 2017.

50. Although Plaintiff LUIS PINGUIL worked approximately 54 (fifty-four) to 63 (sixty-three) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

51. Plaintiff SEGUNDO TACURI QUITO has been employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around January 2008 to the present.

52. Plaintiff SEGUNDO TACURI QUITO has been employed by Defendants as a food preparer, cook, dishwasher, and deliverer, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around January 2008 to the present.

53. Plaintiff SEGUNDO TACURI QUITO worked approximately 60 (sixty) hours per week at FRANK RESTAURANT from in or around January 2008 until in or around December 2015 and approximately 48 (forty-eight) hours per week at FRANK RESTAURANT from in or around January 2016 to the present.

54. Plaintiff SEGUNDO TACURI QUITO was paid by Defendants approximately $9.50 per hour from in or around January 2008 to the present.

55. Although Plaintiff SEGUNDO TACURI QUITO worked approximately 48 (forty-eight) to 60 (sixty) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

56. Plaintiff JOSE LEMA has been employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around September 2006 to the present.

57. Plaintiff JOSE LEMA has been employed by Defendants as a food preparer and cook, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around September 2006 to the present.

58. Plaintiff JOSE LEMA worked approximately 60 (sixty) hours per week at FRANK RESTAURANT from in or around September 2006 to the present.

59. Plaintiff JOSE LEMA was paid by Defendants approximately $400.00 per week from in or around 2011 until in or around 2015 and approximately $550.00 per week from in or around 2016 to the present.

60. Although Plaintiff JOSE LEMA worked approximately 60 (sixty) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

61. Plaintiff FAUSTO PERALTA has been employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around January 2013 to the present.

62. Plaintiff FAUSTO PERALTA has been employed by Defendants as a kitchen helper and cleaner, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around January 2013 to the present.

63. Plaintiff FAUSTO PERALTA worked approximately 48 (forty-eight) hours per week at FRANK RESTAURANT from in or around January 2013 to the present.

64. Plaintiff FAUSTO PERALTA was paid by Defendants approximately $11.00 per hour from in or around January 2013 to the present.

65. Although Plaintiff FAUSTO PERALTA worked approximately 48 (forty-eight) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Plaintiff NEPTALI PERALTA was employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around February 2000 until in or around September 2014.

67. Plaintiff NEPTALI PERALTA was employed by Defendants as a cook and food preparer, while performing other miscellaneous tasks, at FRANK RESTAURANT,

currently located at 88 Second Avenue, New York, New York 10003, from in or around February 2000 until in or around September 2014.

68. Plaintiff NEPTALI PERALTA worked approximately 82 (eighty-two) hours or more per week at FRANK RESTAURANT from in or around February 2000 until in or around September 2014.

69. Plaintiff NEPTALI PERALTA was paid by Defendants approximately $15.00 per hour from in or around 2011 until in or around September 2014.

70. Although Plaintiff NEPTALI PERALTA worked approximately 82 (eighty-two) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

71. Plaintiff SEGUNDO CAMPOVERDE was employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around 2007 until in or around February 2014.

72. Plaintiff SEGUNDO CAMPOVERDE was employed by Defendants as a cook and food preparer, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around 2007 until in or around February 2014.

73. Plaintiff SEGUNDO CAMPOVERDE worked approximately 60 (sixty) hours or more per week at FRANK RESTAURANT from in or around 2007 until in or around February 2014.

74. Plaintiff SEGUNDO CAMPOVERDE was paid by Defendants approximately $720.00 per week from in or around 2011 until in or around February 2014.

75. Although Plaintiff SEGUNDO CAMPOVERDE worked approximately 60 (sixty) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

76. Plaintiff EDISON VALLESO was employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around August 2005 until in or around June 2013.

77. Plaintiff EDISON VALLESO was employed by Defendants as a kitchen helper and cleaner, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around August 2005 until in or around June 2013.

78. Plaintiff EDISON VALLESO worked approximately 60 (sixty) hours or more per week at FRANK RESTAURANT from in or around August 2005 until in or around June 2013.

79. Plaintiff EDISON VALLESO was paid by Defendants approximately $300.00 per week from in or around August 2005 until in or around June 2013.

80. Defendants failed to pay Plaintiff EDISON VALLESO the legally prescribed minimum wage for his hours worked from in or around August 2005 until in or around June 2013, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

81. Although Plaintiff EDISON VALLESO worked approximately 60 (sixty) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

82. Plaintiff JUAN MATUTE was employed by Defendants at FRANK RESTAURANT currently located at 88 Second Avenue, New York, New York 10003 from in or around November 2005 until in or around December 2012.

83. Plaintiff JUAN MATUTE was employed by Defendants as a kitchen helper, dishwasher and deliverer, while performing other miscellaneous tasks, at FRANK RESTAURANT, currently located at 88 Second Avenue, New York, New York 10003, from in or around November 2005 until in or around December 2012.

84. Plaintiff JUAN MATUTE worked approximately 54 (fifty-four) hours or more per week at FRANK RESTAURANT from in or around November 2005 until in or around December 2012.

85. Plaintiff JUAN MATUTE was paid by Defendants approximately $5.00 per hour from in or around November 2005 until in or around December 2012.

86. Defendants failed to pay Plaintiff JUAN MATUTE the legally prescribed minimum wage for his hours worked from in or around November 2005 until in or around

December 2012, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

87. Although Plaintiff JUAN MATUTE worked approximately 54 (fifty-four) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

88. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

89. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

90. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

91. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

92. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, dishwashers, deliverers, cleaners, and other kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

93. Upon information and belief, Defendants employed between 30 and 40 employees within the past three years subjected to similar payment structures.

94. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
95. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without proper minimum wage compensation.
96. Defendants' unlawful conduct has been widespread, repeated, and consistent.
97. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.
98. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
99. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
100. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
101. The claims of Plaintiffs are typical of the claims of the putative class.
102. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
103. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

104. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

106. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

107. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

108. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

109. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

110. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

113. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to

which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

114. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

115. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

116. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

117. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

118. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

119. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

120. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

121. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

122. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

123. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

124. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

125. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

126. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

127. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

128. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

129. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

130. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

131. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

132. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

133. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

134. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
       This 28th day of March 2017.

By: __/s/Helen F. Dalton__
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS PINGUIL, SEGUNDO TACURI QUITO, JOSE LEMA, FAUSTO PERALTA, NEPTALI PERALTA, SEGUNDO CAMPOVERDE, EDISON VALLESO, and JUAN MATUTE, individually and on behalf of all others similarly situated,

                        Plaintiffs,

    -against-

WE ARE ALL FRANK, INC. d/b/a FRANK RESTAURANT, KITCHEN TABLE, INC. d/b/a FRANK RESTAURANT and FRANK PRISINZANO, as an individual,

                        Defendants.

---

## SUMMONS & COMPLAINT

---

                        HELEN F. DALTON & ASSOCIATES, P.C.
                        Attorneys for Plaintiffs
                        69-12 Austin Street
                        Forest Hills, NY 11375
                        Phone (718) 263-9591
                        Fax (718) 263-9598

---

**TO:**

**WE ARE ALL FRANK INC.**
**156 EAST 2ND STREET**
**NEW YORK, NEW YORK 10009**

**88 SECOND AVENUE**
**NEW YORK, NEW YORK 10003**

**KITCHEN TABLE, INC.**
**156 EAST 2ND STREET**
**NEW YORK, NEW YORK 10009**

**88 SECOND AVENUE**
**NEW YORK, NEW YORK 10003**

**FRANK PRISINZANO**
**156 EAST 2ND STREET**
**NEW YORK, NEW YORK 10009**

**88 SECOND AVENUE**
**NEW YORK, NEW YORK 10003**