USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/11/18___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS PINGUIL., et al.,

           Plaintiffs,

-against-

WE ARE ALL FRANK, INC., et al.,

           Defendants.

17-CV-2237 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    Before the Court is a renewed proposal for approval of a wage and hour settlement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d. Cir. 2015). Plaintiffs Luis Pinguil, Segundo Tacuri Quito, Jose Lema, Fausto Peralta, Neptali Peralta, Segundo Campoverde, Edison Valleso, Juan Matute, Rolando Ruiz, Bessy Morales, Sulima Betanco, Jose Pelaez, and Feliciano Martinez and defendants We are all Frank, Inc. d/b/a Frank Restaurant; Kitchen Table, Inc. d/b/a Frank Restaurant; Just an Oven Corp. d/b/a Lil Frankie's; and Frank Prisinzano, the owner of the corporate defendants, settled this action after participating in a judicially-supervised settlement conference on March 15, 2018. On April 24, 2018, the parties filed their proposed settlement agreement (Agreement) for review (Dkt. No. 34), and on May 21, 2018, the Court determined that it could not approve the Agreement as fair and reasonable pursuant to *Cheeks* because: (a) the Agreement did not specify how the settlement funds were to be allocated among the 13 plaintiffs; and (b) the parties' releases were overbroad and non-mutual. *See* Mem. & Order dated May 21, 2018 (Dkt. No. 35), at 5, 6.

    On June 5, 2018, counsel for plaintiffs submitted an addendum (Addendum) to the Agreement, limiting the plaintiffs' release of the defendants and expanding defendants' release of the plaintiffs. Pl. Ltr. dated June 5, 2018, Ex. 1 (Dkt. No. 36-1) at ECF page 1. As modified, the releases pass muster under *Cheeks*. In addition, plaintiffs submitted a table which explains how

the settlement proceeds are to be allocated among the plaintiffs (the Allocation Table). The Court finds that the proposed allocation is fair and reasonable, in that each plaintiff will be compensated in rough proportion to his or her alleged damages.

Given that the parties have cured the deficiencies in their prior submission, the Court deems the Allocation Table incorporated into and made a part of the Agreement, and finds that the Agreement, as modified by the Allocation Table and the Addendum, is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Court will retain jurisdiction for purposes of enforcing the Agreement if necessary. The Clerk of Court is directed to close the case.

Dated: New York, New York
      July 11, 2018

                                            **SO ORDERED**.

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**